**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

RUDY STANKO,                          )
                                      )
                    Plaintiff,        )
v.                                    )        No. 2:10-cv-112-WTL-DML
                                      )
HARLEY LAPPIN, et al.,                )
                                      )
                    Defendants.       )

**Entry Concerning Selected Matters**

Having reviewed the directions issued to plaintiff Stanko in its Entry of July 12, 2010, and having reviewed Mr. Stanko's response to those directions, the court makes the following rulings:

1.      With respect to the directions in Part I of the referenced Entry, Mr. Stanko has provided sufficient information from which the court can reasonably find that no pending appellate matters prevent it from proceeding.

2.      In responding to the directions in Part II of the referenced Entry, Mr. Stanko has done various things, although he has not complied with those directions.

a.      Mr. Stanko has needlessly resubmitted several documents which are already in the record. To have done so is redundant, wasteful, and unhelpful. Those documents, being docket number 33, are **stricken and shall be deleted from the file and returned** to Mr. Stanko with his copy of this Entry.

b.      Mr. Stanko has alluded to one or more motions being pending as of the date he signed his response. Although Mr. Stanko is vague as to specifics, in order to eliminate any uncertainty on this subject, any pending motion is **denied.**

c.      Mr. Stanko reveals that the reason for the transfer of this action, first to the Middle District of Pennsylvania, and then to the Southern District of Indiana, continues to elude him. It is, however, no mystery, as this court has previously noted. For specifics on this point, the court references paragraph 4 of the Entry issued on June 8, 2010: "The proper venue for this action doubtless follows the plaintiff's residence insofar as the complaint asserts a claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1402(b). The plaintiff is currently confined at a federal prison within the Southern District of Indiana."

d.      Mr. Stanko indicates that the action has been sitting idle for an excessive period of time. A review of the docket shows why this would not be a reasonable

view: the action was first docketed in this District on April 21, 2010. This court issued its first order in the case on June 8, 2010. Subsequent rulings were issued on the following dates, viz., July 1, 2010, July 12, 2010, and July 26, 2010. This activity is not consistent with Mr. Stanko's characterization of the manner in which the case has progressed since arriving in this District. This is even more evident when it is considered that by seeking recusal of the assigned Article III judge, Mr. Stanko caused the normal priorities to shift because a claim of this nature is necessarily to be given priority. The same is true when he sought reconsideration of the court's finding that recusal was not warranted. All told, the recusal matters–from the filing of the first motion to the denial of the motion for reconsideration–consumed twenty-seven days. Of this period, neither of Mr. Stanko's motions was pending for more than thirteen calendar days. Additionally, the court has previously noted–in paragraph 2 of the Entry issued on June 8, 2010–Mr. Stanko's complaint was required to be screened to pursuant to 28 U.S.C. § 1915A(b). As Mr. Stanko may or may not be aware, the statute directs that the court dismiss a complaint or any claim within a complaint which "is frivolous, malicious, or fails to state a claim upon which relief may be granted," see *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006), and as Mr. Stanko himself highlights, his complaint asserts 69 claims against a host of defendants associated with a multitude of facilities operated by the Federal Bureau of Prisons, as well as against the United States of America pursuant to the Federal Tort Claims Act.

e.      Mr. Stanko reveals the court acted needlessly in granting his request to proceed *in forma pauperis* on June 8, 2010, because one of the transferee courts had already granted him that status. That being the case, the ruling in paragraph 1 of the Entry issued on June 8, 2010, is **vacated.**

3.      Reference has been made to Mr. Stanko's complaint and the fact that one of the 69 claims in that pleading is against the United States based on the Federal Tort Claims Act, 28 U.S.C. §§ 1346(6), 2680 (FTCA). Given the nature of the remaining claims, the proper management of the court's docket dictates that a separate action be opened solely with respect to the claim pursuant to the FTCA. To effectuate this:

The clerk shall draw a new civil action from the Terre Haute Division.

The assignment of judicial officers shall be by random draw.

The complaint in this action (dkt 1) shall be regarded as the complaint in the new action solely insofar as it asserts a claim against the United States of America and is brought pursuant to the FTCA.

The parties to the new action are Rudy Stanko, plaintiff, and United States of America, defendant.

The nature of suit of the newly opened action is 555 and the cause of action code 28:2680.

A copy of this Entry shall also be docketed in the newly opened action.

It is the recommendation of the undersigned of that Mr. Stanko's *in forma pauperis*

status be extended to the newly opened action.

4.      Consistent with the determination and rulings made in paragraph 3 of this Entry, the claim asserted in this action pursuant to the FTCA is **dismissed without prejudice**. One consequence of this is that United States is **terminated** as a party in this action. In order to leave no doubt on the subject, severing of the claim pursuant to the FTCA does not represent a final adjudication of the claim pursuant to the FTCA and is not appealable on any other basis.

5.      Reference has been made to Mr. Stanko's complaint and to the screening requirement of 28 U.S.C. § 1915A(b). As a result of the severance of the FTCA claim in paragraphs 3 and 4 of this Entry, the sole claims remaining are brought against named and unnamed individuals pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Also as noted, the complaint is broad in scope and complex in its allegations. It is as this point that an impediment is encountered, and it is this impediment which must be removed before the complaint can be screened and the action proceed. Specifically, the complaint violates the joinder of claims limitation of the *Federal Rules of Civil Procedure*. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals explained that such a nonconforming complaint must be "rejected." "Unrelated claims against different defendants belong in different suits." *Id.* at 607. Instead, Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants. The violation here consists of the diversity of claims against the multitude of defendants. Accordingly, the complaint, sans the claim under the FTCA, is "rejected." Mr. Stanko shall have **through September 8, 2010,** in which to **file an amended complaint** which does not violate Rule 18.

6.      The amended complaint, if filed, shall: (1) comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . "; (2) comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and (3) shall identify what legal injury the plaintiff claims to have suffered and what persons are responsible for each such legal injury. Additionally, the amended complaint shall not include the claim under the FTCA which was severed in paragraph 3 of this Entry and dismissed without prejudice in paragraph 4 of this Entry.

7.      A copy of the docket sheet shall be included with the distribution of this Entry.

**IT IS SO ORDERED.**

Date: 07/30/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Rudy Stanko
#18259-013
Terre Haute - FCI
P.O. Box 33
Terre Haute, IN 47808